UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WOODBURY,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, et al.,<br><br>    Defendants. | Case No. 25-cv-06673-JSC<br><br>**ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 19, 25 |

Plaintiff sued Federal Express Corporation ("FedEx"), John Wiens, and John Wagner ("Individual Defendants") in state court for employment discrimination. (Dkt. No. 3 at 5-30.)[1] FedEx removed the case to this Court based on diversity jurisdiction, arguing Individual Defendants were sham defendants. (Dkt. No. 2.) Now pending before the Court are Plaintiff's motion to remand, (Dkt. No. 19), and Individual Defendants' motion to dismiss the claims against them, (Dkt. No. 25.) Having carefully considered the parties' submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the November 6, 2025 hearing, GRANTS Plaintiff's motion to remand, and DENIES Individual Defendants' motion to dismiss as moot. Because FedEx has not met its heavy burden of showing Mr. Wiens and Mr. Wagner are sham defendants, and their presence in the case prevents complete diversity, the Court lacks subject matter jurisdiction.

**BACKGROUND**

**I.     COMPLAINT ALLEGATIONS**

FedEx hired Plaintiff, a California citizen, as a swing courier in October 2022. (Dkt. No. 3

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    at 9, 12.)  Around December 2022, Plaintiff "began noticing that his work load was significantly
2    increasing," including because his manager Mr. Wiens, a California citizen, "would assign him
3    tasks that [Plaintiff] felt fell out of his job description," such as asking him to load boxes onto
4    another person's truck.  (*Id.*)  While Plaintiff was loading boxes into a truck, he tripped over a box
5    and fell out of the truck, but when he complained to Mr. Wiens about the hazard created by boxes
6    on his truck floor, Mr. Wiens "brushed off [his] complaint."  (*Id.* at 12.)

7           Plaintiff began covering another employee's route and noticed a significant increase in his
8    workload.  (*Id.* at 12-13.)  Plaintiff asked Mr. Weins and Mr. Wagner, a California citizen and
9    manager "who would often cover for Wiens," for a dolly because the "continuous strain of
10   manually loading the boxes was hurting his body."  (*Id*. at 13.)  They did not "show[] any
11   concern" and "seemed to be exasperated."  (*Id.*)  Plaintiff "began noticing [their] retaliatory
12   actions;" for example, Mr. Wagner would ask Plaintiff to unload other trucks after he completed
13   his deliveries.  (*Id.*)

14          Plaintiff complained to Mr. Wiens and Mr. Wagner, including because "the number of
15   boxes he was forced to handle was excessive," his truck was "always [] overflowing," and "he did
16   not have proper equipment" to safely handle the boxes.  (*Id.*)  When they did not respond, Plaintiff
17   expressed concerns to Tina Adams, a managing director, who promised she would speak with Mr.
18   Wiens.  (*Id.*)  Plaintiff "noticed that both Wiens and Wagner became more hostile in their
19   interactions with him after this complaint."  (*Id.*)  After Plaintiff placed a package in an incorrect
20   location, Mr. Wiens "strongly reprimanded" Plaintiff and gave him a write-up, and an unknown
21   individual interrogated him.  (*Id.* at 13-14.)  Plaintiff felt Mr. Wiens's reaction was
22   "disproportionate" and "influenced by Wiens' dislike of [Plaintiff] and his safety complaints."
23   (*Id.* at 14.)

24          Plaintiff then "began seeing direct retaliatory actions" by Mr. Wiens and Mr. Wagner.
25   (*Id.*)  At the end of every day, Mr. Wagner asked Plaintiff to unload others' trucks and "do things
26   outside of his role."  (*Id.*)  Once, when Mr. Wagner asked Plaintiff to load containers at the end of
27   the day, Plaintiff "asked why he was being asked to do this on a daily-basis" and "reiterated his
28   safety complaints."  (*Id.*)  Mr. Wagner told him to "document his issues and they would be

1  addressed later." (*Id.*) However, the next day, Plaintiff was assigned approximately 30 extra
2  packages to deliver. (*Id.*)

3        Around May 10, 2023, Plaintiff injured his thumb while loading heavy boxes. (*Id.*) When Plaintiff reported his injury to Mr. Wagner, Mr. Wagner told Plaintiff to load containers, and when Plaintiff "protested," Mr. Wagner told him to meet him in the conference room. (*Id.*) Mr. Wagner "got angry," "reprimanded" Plaintiff, called him "insubordinate," and "spoke repeatedly about how [Plaintiff] should not have been hired, how he makes too many complaints, and how Wagner is writing him up." (*Id.* at 14-15.) After Plaintiff repeated "he was injured because of Wagner and Wiens' practices," Mr. Wagner sent him to the clinic. (*Id.* at 15.) Plaintiff's doctor placed him on "light duty" to accommodate his injury, during which time Plaintiff worked a shorter shift and did not load packages. (*Id.*) In June 2023, Mr. Wiens seemed "frustrated" Plaintiff was not yet on full duty and asked "with exasperation" when he would be. (*Id.*) Plaintiff resumed full duty on a different route in July 2023 and in August 2023 was asked to cover someone else's route. (*Id.*) On August 15, 2023, Plaintiff was told he missed a package the day before, and Mr. Wiens asked to meet him in the conference room. (*Id.*) Mr. Wiens accused Plaintiff "of trying to work off the clock and insubordination" and suspended him. (*Id.* at 16.) FedEx terminated Plaintiff on August 22, 2023 for "pretextual reasons," specifically "his three disciplinary notices." (*Id.*)

## II.  PROCEDURAL HISTORY

Plaintiff sued FedEx, Mr. Wiens, and Mr. Wagner in Alameda County Superior Court. (Dkt. No. 3 at 5-30.) Against FedEx, Plaintiff alleged California Fair Employment and Housing Act ("FEHA") claims for (1) disability discrimination, (3) retaliation, (4) failure to accommodate, (5) failure to engage in interactive process, and (6) failure to prevent discrimination, harassment, or retaliation; as well as claims for (7) breach of express oral contract not to terminate without good cause; (8) breach of implied in fact contract not to terminate without good cause; (9) negligent hiring, supervision, and retention; (10) wrongful termination; and (11) whistleblower retaliation. (*Id.* at 18, 20-28.) Against FedEx and the individual defendants, Plaintiff alleged (2) hostile work environment and disability harassment under FEHA, and (12) intentional infliction of emotional distress. (*Id.* at 19-20, 29.) FedEx removed the case to this Court based on diversity

3

1   jurisdiction.  (Dkt. No. 2.)  FedEx argues complete diversity exists because Plaintiff is a California
2   citizen, FedEx is a Delaware and Tennessee citizen, and Mr. Wiens and Mr. Wagner are "sham
3   defendants whose citizenship should be disregarded for purposes of diversity jurisdiction."  (*Id.* at
4   11-12.)  Plaintiff now moves to remand, and Individual Defendants move to dismiss.  (Dkt. Nos.
5   19, 25.)

**DISCUSSION**

A defendant may remove an action from state court to federal court based on federal question jurisdiction or diversity jurisdiction.  *See* 28 U.S.C. § 1441.  Diversity jurisdiction requires "complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants," *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001), and an amount in controversy exceeding $75,000.  *See* 28 U.S.C. § 1332(a)(1).

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Morris*, 236 F.3d at 1067.  "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quotation marks and citation omitted).  "Fraudulent joinder is established the second way if a defendant shows that an individual[] joined in the action cannot be liable on any theory."  *Id.* (cleaned up).  "But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Id.* (quotation marks and citation omitted); *see also Morris*, 236 F.3d at 1068 (finding sham defendant when "it is abundantly obvious that [a plaintiff] could not possibly prevail").  So, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent."  *Grancare, LLC,* 889 F.3d at 549.  Ultimately, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder."  *Id.* at 548 (quotation marks and citation omitted).

FedEx is a Delaware and Tennessee citizen, and Plaintiff, Mr. Wiens, and Mr. Wagner are

4

1  California citizens.  (Dkt. No. 2 ¶¶ 34-35; Dkt. No. 3 at 9.)  Individual Defendants therefore

2  prevent complete diversity unless FedEx establishes their fraudulent joinder.  Because FedEx does

3  not accuse Plaintiff of fraud in the pleading of jurisdictional facts, it must show Plaintiff cannot

4  establish a cause of action against Individual Defendants in state court.

5        As to Plaintiff's FEHA harassment claim against Individual Defendants, FedEx argues

6  Plaintiff's allegations are "legally insufficient" because Plaintiff "fails to plead any specific, non

7  conclusory facts establishing [their] individual liability."  (Dkt. No. 22 at 8-9.)  FedEx incorrectly

8  argues the Rule 12(b)(6) standard instead of arguing Individual Defendants "cannot be liable on

9  any theory." *Grancare, LLC*, 889 F.3d at 548 (quotation marks and citation omitted).  To the

10  extent Plaintiff fails to plead "specific, non conclusory facts" as to Individual Defendants'

11  liability, that failure is not a "deficiency in the complaint [which] can[not] possibly be cured by

12  granting the plaintiff leave to amend." *Id.* at 550.

13        FedEx also argues Plaintiff's FEHA harassment claim is "legally insufficient" because the

14  alleged conduct "reflect[s] routine personnel and supervisory decisions and do[es] not show the

15  severe or pervasive misconduct necessary to state a FEHA harassment claim."  (Dkt. No. 22 at 8.)

16  However, under California law, "[a] single incident of harassing conduct is sufficient to create a

17  triable issue regarding the existence of a hostile work environment if the harassing conduct has

18  unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile,

19  or offensive working environment."  Cal. Gov. Code § 12923(b); *see also Beyda v. City of Los*

20  *Angeles*, 65 Cal. App. 4th 511, 517 (1998) (explaining hostile work environment determination

21  depends on "all the circumstances").  In addition, although harassment "consists of actions outside

22  the scope of job duties which are not of a type necessary to business and personnel management,"

23  *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996), "in some cases the hostile message

24  that constitutes the harassment is conveyed through official employment actions, and . . . can

25  form the basis of a harassment claim."  *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708 (2009).

26        Plaintiff alleges Individual Defendants, because of a disability developed while working

27  for FedEx, expressed "frustrat[ion]" about his injury, "reprimanded" him, and accused him of

28  "trying to work off the clock and insubordination."  (Dkt. No. 3 at 14-15.)  A state court could

United States District Court
Northern District of California

conclude Plaintiff states a FEHA claim for Individual Defendants' harassment because of their conduct following his thumb injury.  *See Bruno v. FedEx*, No. 2:23-CV-06729-HDV (AJRx), 2024 WL 757105, at *2 (C.D. Cal. Feb. 23, 2024) ("It is conceivable that a state court could find that Plaintiff's allegations of [Defendant's] aggressive language support a triable issue on Plaintiff's claims of a hostile work environment, especially considering that Plaintiff claims [Defendant] referenced his age and race in the course of the alleged harassment.").  And even if the current allegations are insufficient, they could be amended to state a claim.  So, FedEx has not "met [its] burden of proving plaintiff could not possibly prevail on a harassment claim against [Individual Defendants] if given leave to amend."  *See Clark v. Walgreens Co.*, No. 22-CV-01588-PJH, 2022 WL 2307201, at *3 (N.D. Cal. June 27, 2022) (remanding although plaintiff had not alleged defendant's conduct "was severe or pervasive" or "contributed to a hostile work environment").

As FedEx has not shown Plaintiff cannot possibly hold Individual Defendants liable for harassment under FEHA, FedEx has not established they are sham defendants.  So, Individual Defendants' presence in the case destroys complete diversity, and the Court does not have subject matter jurisdiction.  FedEx also argues Plaintiff's intentional infliction of emotional distress claim against Individual Defendants is both insufficiently pled and barred by the California Workers' Compensation Act.  In addition, the parties dispute whether the amount in controversy exceeds $75,000.  However, because the parties are not diverse based on the FEHA claim alone, and thus there is no subject matter jurisdiction, the Court does not address these arguments.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion to remand this case to state court.  Individual Defendants' motion to dismiss is therefore DENIED as moot.

This Order disposes of Docket Nos. 19 and 25.

**IT IS SO ORDERED.**

Dated: October 30, 2025

JACQUELINE SCOTT CORLEY
United States District Judge